UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

KRS Global Biotechnology, Inc.,                          Case No. 20-10350-MAM

    Debtor.                                                          Chapter 11
_____/

### *EXPEDITED* MOTION TO VOLUNTARILY DISMISS CASE AND SHORTEN HEARING NOTICE PERIOD

**\*\* Expedited Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**Basis for Expedited Relief**

**The Debtor is a corporation that would qualify for a substantial forgivable loan pursuant to the recently-passed Coronavirus Aid, Relief, and Economic Security (CARES) Act, P.L. 116-136, and the Debtor believes it is in the best interest of the estate to pursue such loan in order to fund payroll expenses. However, in order to receive such forgivable loan, the Debtor must, under the CARES Act, certify that it is not a debtor in bankruptcy. Therefore, the Debtor wishes to voluntarily dismiss this case as quickly as possible. Accordingly, the Debtor requests that the Court schedule this motion for hearing on an expedited basis on or before Friday, April 17, 2020.**

Debtor in Possession, KRS Global Biotechnology, Inc. (the "Debtor"), by and through its undersigned counsel and pursuant to 11 U.S.C. § 1112(b) and Federal Rule of Bankruptcy Procedure 9006(c)(1), requests that the Court dismiss the above-captioned bankruptcy case on an expedited basis before twenty-one days has elapsed. In support, the Debtor respectfully states as follows:

### BACKGROUND

1.    On January 10, 2020, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Petition Date").

2. The Debtor is a pharmaceutical manufacturer that employed no less than forty-seven individuals upon the petition date and that had a gross income of over $17 million in 2019.

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is managing its affairs as a debtor in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Case.

4. On April 7, 2020, the Court heard and approved the undersigned counsel's application to represent the Debtor as replacement general bankruptcy counsel. *See* ECF Nos. 153 and 155.

5. On March 27, 2020, President Trump signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, P.L. 116-136 to provide economic relief in the midst of the Coronavirus pandemic. Among many other things, the CARES Act provides for the provision of forgivable loans to small and mid-sized businesses in order to permit those businesses to continue to pay employees.

6. However, Title IV, Section 4003(c)(3)(D)(V) of the CARES Act mandates that any business receiving such forgivable loans certify that "the recipient is not a debtor in a bankruptcy proceeding[.]" The application form for such forgivable loans also contains a place for applicants to make a similar certification.

7. Having reviewed the applicable provisions of the CARES Act, the Debtor believes that, other than being in bankruptcy, it otherwise meets the qualifications to receive a forgivable loan under said law, and therefore wishes to apply for and receive a forgivable CARES Act loan in the amount of $517,900.00 to pay for payroll expenses.

8. Based on the posture of this case, dismissal of this chapter 11 case in order to permit the Debtor to access significant forgivable credit under the CARES Act will be in the best interest

of the estate and will not unfairly prejudice other parties in interest.

9. Therefore, through this motion, the Debtor seeks the dismissal of this case.

## BASIS FOR RELIEF REQUESTED

10. The Bankruptcy Code permits a party in interest, such as the Debtor in this case, to seek dismissal of a bankruptcy case for cause, provided it is in the best interest of creditors, 11 U.S.C. § 1112(b), and here, it is in the best interests of creditors, under these very peculiar circumstances, to permit the Debtor to voluntarily dismiss this case in order to access a forgivable CARE Act loan to pay its employees.

11. Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(4), the Court generally may not hold a hearing on a motion to dismiss a chapter 11 case on less than twenty-one days' notice. However, under Rule 9006(c)(1), the Court may shorten such required notice for cause. The Debtor submits that cause exists in this case to shorten the required notice period so that the Court may hear this motion as soon as possible so that the Debtor may quickly apply for and access a forgivable CARES Act loan. Specifically, the funding pool for CARES Act forgivable business loans is finite, and the Debtor is very concerned that any delay in applying for a CARES Act forgivable loan could cause such loan to be denied or reduced due to inadequate funding.

**WHEREFORE**, the Debtor respectfully requests the Court hold an expedited hearing on this motion and thereafter enter an order dismissing this case.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

{2335/000/00495122}                              3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic notices in this case on April 14, 2020.

>SHRAIBERG, LANDAU & PAGE P.A.
>Attorneys for the Debtor
>2385 NW Executive Center Drive, #300
>Boca Raton, Florida 33431
>Telephone: 561-443-0800
>Facsimile: 561-998-0047
>bss@slp.law
>ependergraft@slp.law
>
>By: /s/ Bradley S. Shraiberg
>Bradley S. Shraiberg Esq.
>Florida Bar. No. 121622
>Eric Pendergraft, Esq.
>Florida Bar No. 91927